UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HELFRICH and VANESSA HELFRICH,<br><br>                                    Plaintiffs,<br><br>v.<br><br>JAMES PUNGHORST and SHARLENE SWANBERG,<br><br>                                    Defendants. | Case No.:  25-CV-224 JLS (MMP)<br><br>**ORDER GRANTING PETER N. GREENFELD'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**<br><br>(ECF No. 54) |

Presently before the Court is Peter N. Greenfeld's Motion to Withdraw as Counsel of Record for Defendants ("Mot.," ECF No. 54).  Plaintiffs do not oppose the Motion. *See generally* Docket.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3).  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Stanz*

*v. Brown*, No. 22-CV-1164-GPC-JLB, 2025 WL 417935, at *1 (S.D. Cal. Feb. 5, 2025) (citing *Beard*, 2008 WL 410694, at *2). "The California Rules of Professional Conduct require withdrawal when an attorney's physical condition would make effective representation unreasonably difficult." *Fed. Trade Comm'n v. Golden Sunrise Nutraceutical, Inc.*, No. 20-CV-1060-DAD-SKO, 2022 WL 673778, at *1 (E.D. Cal. Mar. 7, 2022); *see* Model Rules of Prof. Conduct R.1.16(a)(3).

Here, good cause exists to grant the Motion. Peter N. Greenfeld states that he does not have the ability to represent Defendants due to multiple medical issues causing him to significantly taper down his practice. Mot. at 1–2. Mr. Greenfeld says that Defendants have known for months the need to retain new counsel, have "repeatedly expressed their understanding of [Mr. Greenfeld's] health issues and the need to withdraw," and did not object to the Motion. *Id.* at 2. The Court concludes that Mr. Greenfeld provided Defendants with sufficient notice that he would withdraw and sufficient grounds exist for withdrawal.

The Court also concludes that Mr. Greenfeld's withdrawal would not unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case. This case is in its early stages as it continues through discovery. *See generally* Docket. Given this early stage of litigation, "there is sufficient time for a new counsel to be hired and then familiarized with the case without unduly delaying proceedings or prejudicing [any Parties]." *Stanz*, 2025 WL 417935, at *1 (citing *In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **GRANTS** the Motion (ECF No. 54).  The Clerk of the Court **SHALL** update the docket to reflect the withdrawal of Peter N. Greenfeld as counsel for Defendants.  Mr. Greenfeld **SHALL** provide Defendants' contact information by <u>June 11, 2026</u>, so the Clerk can update CM/ECF to reflect that Defendants are now proceeding pro se.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-224 JLS (MMP)