UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HELFRICH, D.C., et al., Plaintiffs, v. JAMES PUNGHORST, D.C., et al., Defendants. | Case No.: 25-cv-224-JLS-MMP<br>**ORDER:**<br>**1. SETTING HEARING ON PLAINTIFF'S MOTION FOR MONETARY SANCTIONS AND EVIDENTIARY SANCTIONS; AND**<br>**2. PROVIDING TENTATIVE RULING**<br>[ECF No. 63] |

Before the Court is Plaintiff Jason Helfrich, D.C.'s ("Plaintiff") Motion for Monetary Sanctions and Evidentiary Sanctions against pro se Defendants James Punghorst, D.C. and Sharlene Swanberg, D.C. ("Defendants"). ECF No. 63. Plaintiff requests three forms of relief:

> (1) Finding Defendants violated the Court's June 9, 2026 Order;
>
> (2) Precluding Defendants from using in motion practice or at trial any document, witness, factual contention, or other evidence responsive to Plaintiff's First Set of Interrogatories or First Set of Requests for Production that was not disclosed or produced by the court-ordered deadline, including evidence supporting Defendants' affirmative defenses, or alternatively requiring full compliance within seven days and precluding the use of any responsive information or documents not disclosed by that further deadline;

and

(3) Imposing monetary sanctions under Federal Rule of Civil Procedure 37(b)(2)(C), jointly and severally against Defendants James Punghorst, D.C. and Sharlene Swanberg, D.C., in the amount of $2,362.50.

ECF No. 63 at 4 (citation modified). The Court set a briefing schedule, requiring Defendants to file a response by August 21, 2026. ECF No. 66 ¶ 1. Defendants did not file an opposition, in violation of the Court's order. *See* ECF Nos. 66, 67.

Having reviewed the motion and procedural posture of the case, the Court finds a hearing in this matter is appropriate prior to issuing a ruling. Accordingly, the Court **SETS** a hearing on Plaintiff's pending motion, ECF No. 63, before the Honorable Michelle M. Pettit, United States Magistrate Judge, for **September 18, 2026** at **10:00 AM** in Courtroom 3D. **Defendants James Punghorst and Sharlene Swanberg are ORDERED to appear in person.** Plaintiff's counsel is **ORDERED** to appear and may appear remotely.

In anticipation of the hearing, the Court provides its **TENTATIVE** ruling as set forth below:

1. The Court **TENTATIVELY FINDS** Defendants James Punghorst and Sharlene Swanberg violated the Court's June 9, 2026 Order in violation of Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A).

2. The Court **TENTATIVELY GRANTS** Plaintiff's motion for monetary sanctions to be paid by Defendants to Plaintiff in the amount of $2,362.50 under Rule 37(b)(2)(C).

3. The Court **DEFERS** ruling on Plaintiff's motion for evidentiary sanctions under Rule 37(b)(2)(A)(ii).

## I. RELEVANT BACKGROUND

The Court detailed the relevant discovery background in its June 9, 2026 Order. ECF No. 58. On August 18, 2025, Plaintiff served a First Set of Interrogatories ("ROGs") and First Set of Requests for Production of Documents ("RFPs") on both Defendant James Punghorst, D.C. and Sharlene Swanberg, D.C. via their then-counsel pursuant to Rules 33 and 34. ECF Nos. 36-1 ¶ 2; 37-1 ¶ 2. Defendants' responses were due within thirty days,

no later than September 17, 2025. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Defendants did not serve timely responses. ECF Nos. 36-1 ¶ 7; 37-1 ¶ 7.

On February 25, 2026, Defendants each served responses to Plaintiff's RFPs. ECF No. 37-1, Exh. 1. Plaintiff contended the belated responses are still deficient under Rule 34. Defendants did not serve responses to Plaintiff's ROGs.

On March 31, 2026, Plaintiff filed the motions to compel responses to ROGs and further responses to RFPs. ECF Nos. 36; 37.

On June 5, 2026, the Court granted Defendants' motion to withdraw as counsel of record. ECF No. 57.

On June 9, 2026, the Court granted Plaintiff's motions to compel and ordered Defendants, now proceeding pro se, to "fully answer Plaintiff's first set of interrogatories under oath no later than **July 8, 2026**" and to "produce documents responsive to Plaintiff's first set of requests for production no later than **July 8, 2026.**" ECF No. 58 at 11. While the Court did not order monetary sanctions, the Court explicitly cautioned Defendants: "future discovery delays and failure to follow Court Orders may result in sanctions." *Id.* at 10.

After the Court-ordered deadline for Defendants to respond to Plaintiff's RFPs and ROGs passed, Plaintiff submitted a request for a discovery conference, alleging Defendants did not respond to meet and confer requests. ECF No. 62. The Court granted Plaintiff's request for leave to file a motion for sanctions based on Defendants' failure to comply with the Court's Order. *Id.*

On August 5, 2026, Plaintiff filed the instant motion. The Court set a briefing schedule and ordered "Defendants must file a response no later than **August 21, 2026**. *See* CivLR 7.1(f)(3)(a). The failure to file a written opposition may constitute consent to the granting of the motion. CivLR 7.1(f)(3)(c)." ECF No. 66. Defendants did not respond to Plaintiff's motion.

//

//

## II. LEGAL STANDARD

Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citation omitted).

Rule 37 provides "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

Evidentiary sanctions can be case dispositive. To determine whether a case dispositive sanction is appropriate, the Court considers a five-factor test: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation modified).

Instead of or in addition to these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III. ANALYSIS

### A. The Court Tentatively Finds Defendants Violated the Court's June 9, 2026 Order

On the record currently before the Court, Defendants violated the Court's June 9, 2026 Order. ECF No. 58. The June 9, 2026 Order specifically required Defendants to "fully answer Plaintiff's first set of interrogatories under oath no later than July 8, 2026" and to "produce documents responsive to Plaintiff's first set of requests for production no later than July 8, 2026." *Id.* at 11. Plaintiff represents at the time of the instant motion filing, neither Defendant "has served interrogatory answers, produced documents, requested an extension, or otherwise explained the failure to obey the Court's Order." ECF No. 63 at 7. The Court has no record of Defendants' complying with its Order. Nor do Defendants refute Plaintiff's assertion.

### B. The Court Tentatively Grants Plaintiff's Request for Expenses

Defendants violated the Court's Order. As Plaintiff explains "[t]he Court's prior concern about former counsel does not excuse this . . . violation: counsel had withdrawn, Defendants received a direct order and express warning, and they neither sought additional time nor identified any obstacle" to comply with the Court Order. ECF No. 63 at 12–13. The Court agrees. Defendants have not demonstrated a substantial justification or other circumstances to make an award of expenses unjust. Plaintiff represents he incurred $2,362.50 in attorney's fees regarding this motion, specifically 4.5 hours at an hourly rate of $525 for Mr. Stone. ECF No. 63-1 at 3. The Court tentatively finds both the hourly rate and number of hours reasonable. Accordingly, the Court **TENTATIVELY GRANTS** Plaintiff's request for Defendants to pay $2,362.50 to Plaintiff in expenses under Rule 37(b)(2)(C).

### C. The Court Defers Ruling on Plaintiff's Motion for Evidentiary Sanctions

The Court finds a hearing regarding Plaintiff's motion appropriate. Defendants have proceeded pro se since June 5, 2026. ECF No. 57. Defendants failed to file an opposition to this motion as ordered, and the Court has not heard from Defendants since they became pro se. Given the potentially case-dispositive nature of evidentiary sanctions, the Court finds a hearing necessary to develop the record. Therefore, the Court **DEFERS** ruling on the motion and may make additional findings after the hearing.

## IV. CONCLUSION

The motion shall be heard **in person** on **September 18, 2026** at **10:00 AM** in Courtroom 3D of the Schwartz Courthouse. Defendants James Punghorst and Sharlene Swanberg are **ORDERED** to appear in person. Plaintiff's counsel is **ORDERED** to appear and may appear remotely. Failure to appear or comply with this Order may result in sanctions.

At the hearing, Defendant shall be prepared to address: (1) the Court's June 9, 2026 Order, ECF No. 58, (2) Plaintiff's motion, ECF No. 63, and (3) the instant Tentative ruling.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Michelle M. Pettit
HON. MICHELLE M. PETTIT
United States Magistrate Judge